RUSH STAIR v. JOURNAL & TRIBUNE CO.

(*Knoxville.* September Term, 1916.)

1. LIBEL AND SLANDER.   Statute.

Shannon's Code, sec. 6658, defining libel, refers alone to criminal libel.   (*Post, p.* 407.)

Cases cited and approved:   Dunn v. Winters, 21 Tenn., 512; Williams v. Karnes, 23 Tenn., 9;   Haws v. Stanford, 36 Tenn., 520.

Code cited and construed:   Sec. 6658 (S.).

2. CORPORATIONS.   Malicious libel.   Publishing corporations.

A publishing corporation is liable for malicious libelous publications without proof of express malice, where the publication is made by its authority or ratified by it, or made by one of its servants or agents in the course of the business in which it is engaged.   (*Post, p.* 407.)

Cases cited and approved:   Sawyer v. N., etc., R. Co., 9 Ann. Cas., 433;   Hypes v. So. Ry. Co., 17 Ann. Cas., 622.

3. LIBEL AND SLANDER.   Libel.   Words actionable per se.

A publication is actionable *per se* which holds plaintiff up to ridicule or scorn, although it does not necessarily impute moral turpitude.   (*Post, p.* 407.)

4. LIBEL AND SLANDER.   Words of ridicule or scorn.

A newspaper publication, stating that plaintiff had slapped a boy and girl and had been fined and sentenced to the workhouse therefor, was actionable *per se*.   (*Post, p.* 407.)

FROM KNOX.

Appeal from the Circuit Court of Knox County. —VON. A. HUFFAKER, Judge.

CATES & PRICE, for appellant.

PICKLE, TURNER & KENNERLY, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The declaration shows that the Journal & Tribune Company published of and concerning the plaintiff that he slapped a boy and girl in Park City, and had been fined $40 and sentenced to the workhouse, and had sued out a writ of *habeas corpus* before Judge Nelson; that the evidence before Judge Nelson showed that the plaintiff in the instance in which the boy was claimed to be struck, was declared not guilty by Judge Nelson as the proof showed it was in self-defense, the boy being hit a flat-handed blow when he was stooping to pick up a stone to hit prisoner. In the instance in which the prisoner struck the girl it showed that he had been aggravated by a party of boys and girls who were teasing him. In this case Judge Nelson allowed a $5 fine to stand, and the prisoner was released; his fine being secured. It is averred that this publication was false, but no special damages are claimed in the declaration.

The defendant company demurred to the declaration upon two grounds. By the first it is said that the publication set out in the declaration is not libelous *per se,* and, no special damages having been alleged to have resulted from the publication, it is not actionable; and by the second it is said that the declaration does no more than allege that the plaintiff had been fined by a justice of the peace and sent to the

workhouse for alleged assault and battery, whereas an assault and battery does not involve moral turpitude, and therefore the publication which alleges such a conviction is not libelous *per se;* and, no special damages being averred, it is not actionable.

The demurrer was sustained by the circuit judge, and an appeal was prayed and granted to the court of civil appeals, in which court the action of the circuit judge was reversed and the case remanded for a new trial.

It is insisted in this court that the case stated in the declaration is not determinable by the common law, but by our Code (Shannon's sec. 6658), as follows:

"A libel is the malicious defamation of a person, made public by any printing, writing, sign, picture, representation, or effigy, intending to provoke him to wrath, or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefits of public confidence and social intercourse."

Petitioner's learned counsel acknowledged the force of *Dunn* v. *Winters,* 2 Humph., 512, *Williams* v. *Karnes,* 4 Humph., 9, *Haws* v. *Stanford,* 4 Sneed, 520, but contended that as they were decided before the adoption of the Code of 1858, they are not controlling in this case. It is true that at common law the element of malice is an essential element in an action for libel, but the malice may be made out by proof of the publication of the libelous article. *Williams* v. *Karnes,* supra.

It is insisted that the new element introduced in the action by the Code is one of mind or purpose equivalent to an intention or design to commit the libel.

We think the section of the Code cited refers alone to criminal libel. It is found in the article and chapter dealing with crimes. In all crimes the element of intention is essential, and, in fact, intention is the distinguishing element between a criminal act and a negligent one.

In the case of publishing corporations it has been well held that they are liable for libelous publications without proof of express malice where the publication is made by its authority or ratified by it, or made by one of its servants or agents in the course of the business in which it is engaged. The cases are collected in a note to *Sawyer* v. *Norfolk, etc., R. Co.*, 9 Ann Cas., 443, and also in the note to *Hypes* v. *Sou. Ry. Co.*, 17 Ann. Cas., 622.

The malice required in such cases is malice in law only, and express malice need not be averred or proven.

A publication is actionable *per se* which holds plaintiff up to ridicule or scorn and which would not necessarily impute moral turpitude. *Dunn* v. *Winters*, supra; *Williams* v. *Karnes*, supra; *Haws* v. *Stanford*, supra.

The judgment is affirmed.