A. S. HARTSELL v. E. S. DEPEW, et al.

Eastern Section. February 23, 1929.

Petition for Certiorari denied by Supreme Court, June 15, 1929.

Epps & Epps and Samuel S. Kirkpatrick, of Jonesboro, and G. N. Barnes, of Johnson City, for plaintiff in error.

Devine & Guinn and O. M. Fair, of Johnson City, for defendant in error.

PORTRUM, J. This suit is brought by A. S. Hartsell against E. S. Depew and the Herald & Tribune, seeking a recovery for alleged libel.

The declaration alleges that the Herald & Tribune and E. S. Depew, falsely and maliciously, published of and concerning the plaintiff, A. S. Hartsell, the following false and defamatory matter, with intent and purpose to defame him, setting forth therein as such publication the following:

"Phelin writes from Garbers.

"We notice one man on our traverse jury who was foreman of our grand jury for two or three years and whose actions were so open and notorious, favorable to the bootleggers and moonshiners that our judge forced him to resign his position. It is said that a desperate effort was made to get him on the grand jury, but failed. The object, doubtless, being to prevent a true bill, which we will not mention. When a man raised in a Christian home, as he was, and has so degraded himself that he has lost all decency and self respect, and has become so conscienceless, he no longer regards his oath, is almost hopeless, and is shunned and avoided by the decent, upright class of people, is pitiful indeed. But such is life for a certain class."

The declaration further alleges that Hartsell was foreman of the grand jury of Washington county for two or three years, and that he was a member of the traverse jury during the May term, 1927, of the circuit court for Washington county, and that he was the object of said false and slanderous publication; and it was understood by others and the public generally. That he has an action against the defendant and sues for the sum of $25,000.

The defendants filed a plea of not guilty to the declaration, and upon this rested their defense. The case was tried by the court and jury and a verdict rendered in favor of the plaintiff for the sum

of $6 and the cost of the cause. The defendants have appealed to this court, seeking a reversal and dismissal of the suit.

In the lower court the defendants attempted to prove the truthfulness of the matters alleged as a defense, making no question of the publication of the article, and that the party referred to was intended for the plaintiff. This seems to be the defense in this court, with the further defense that the publication of the article was privileged and is not within itself a libel per se.

Dealing with the second defense first, we are of the opinion that the publication of the article was not a privileged communication. The article is not a news item, nor the report of any court proceeding, but is the opinion and conclusions of the correspondent, which was made the opinion and conclusions of the defendants by its publication.

A newspaper is not privileged to libel a citizen by making charges against him, or publishing its opinion of him, if the charges are untrue and the opinion is not well founded. Times Printing Co. v. Mulkey, 2 Tenn. App., 312.

We are of the opinion that the publication is libelous per se. The article pointed directly to the plaintiff, and the proof shows that the public, or a large part of the public, understood it to refer to him. It is alleged to be of and concerning him, and if the intrinsic matter contains "imputations which tend to deprive a man of his life and liberty, or to exclude him from the comforts of society, . . . which affect him in his office, profession or means of livelihood," the article is a libel. Fry v. McCord Bros., 95 Tenn., 684, 33 S. W., 568.

"A publication is actionable per se which holds plaintiff up to ridicule or scorn, and which would not necessarily impute moral turpitude." Stair v. Journal, 136 Tenn., 407, 189 S. W. 864.

Returning to the question of justification. Under the plea of not guilty, it must be conceded that, the defendants cannot introduce proof of justification except insofar as the common-law rule has been changed by Chapter 22 of the Public Acts of 1907, which reads as follows:

"That in all civil actions for slander or libel the truth of the words spoken or written and the circumstances under which they were spoken or written may be given in evidence under the general issue in mitigation of damages."

It seems to us that the defendants have accomplished all that they could expect to accomplish under the plea of not guilty. The suit was for $25,000 damages, and the jury must have mitigated the damages, which arose as a matter of law due to the publication, to nominal damages. The act quoted above is not broad enough to supersede the common-law plea of justification. Its purpose was

to mitigate the damages, leaving the plaintiff entitled to nominal damages. The defendants should have pleaded justification before relying upon the truth and justification of the article as a complete defense to the action.

The jury must have intended to fix the amount of nominal damages at a sum sufficient to carry the costs of the cause. There is no assignment of error that the amount fixed is excessive, if an assignment could be based upon so insignificant a sum. Nor is this court asked to further mitigate the recovery so as to cast the burden of costs upon the plaintiff. Under the pleadings, the plaintiff is entitled to nominal damages, and this court cannot disturb the verdict for the lack of evidence to support it.

The errors complained of in the ruling of the trial court upon the evidence become immaterial from the conclusions reached by the court and set out above. They would have been material had the jury rendered a verdict for a sum other than nominal damages, or if the defendants had plead justification, but in the absence of such verdict and the plea of justification, the assignments are immaterial.

The plaintiff was admittedly guilty of drunken conduct at a time when he was performing the duties of foreman of the grand jury. He made a confession to his fellow jurors of his conduct in accompanying raiding officers in search of illicit stills and drinking the confiscated liquors, and, due to his maudlin condition, on one occasion it was necessary that the circuit court recess and, not to embarrass the court further, he resigned. The members of several grand juries testified to his conduct. But at the time of the publication of the article the plaintiff was not foreman of the grand jury, and had not been for six years. It is the right and duty of a man to reform. The publication of this article was delayed too long, and the trial jury was justified in fixing the nominal damages in a sum sufficient to carry the costs of the cause.

For the reasons above stated, the judgment of the lower court is affirmed.

Snodgrass and Thompson, JJ., concur.