J. N. Hinson *v.* W. W. Pollock.

*(Nashville.* December Term, 1928.)

Opinion filed April 13, 1929.

(1)

FRED L. SCHUBERT, for plaintiff in error.

GENE STOCKARD, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff sues for damages, alleging a libelous publication by printing and circulating a card reading as follows:

"OUT FOR A GOOD TIME
Love made on    Give Me a Trial
Short Notice    Park or Parlor
J. N. HINSON
Hohenwald  Tennessee
Expert Lover—Wholesaler and Retailer in
LOVE, KISSES AND UP-TO-DATE-HUGS
Samples, free, no extra charge for night work
Special Attention to other Fellows Girls."

The trial judge sustained a demurrer setting up, in substance, that the words are not libelous *per se,* or alleged to be libelous, and that no special damages are averred.

The case turns on whether or not the words are libelous *per se,*—if so no special damages need be charged. Words which, upon their face and without the aid of extrinsic proof, are injurious are defamatory *per se;* and words defamatory *per se* carry the presumption of falsity, of damages, and of malice, unless privileged. 36 C. J., p. 1150, 1151. Counsel agree that this was and is a question for the Court, and is the sole question.

In Newell on Slander and Libel (4 Ed.), p. 35, libels on private persons are thus classified: "(1) Libels which impute to a person the commission of a crime; (2) Libels which have a tendency to injure him in his office, profession, calling, or trade; and (3) Libels which hold him up to scorn and ridicule," etc. The instant case belongs to the last division.

■ The following text from the same author (page 56), supported by many citations and illustrative notes, is particularly applicable to the case before us:

"As every person desires to appear agreeable in life, and must be highly provoked by such ridiculous representations as tend to lessen him in the esteem of the world, and, by the sure effect of ridicule, to cast a shade upon his talents and virtues, it has been held that not only charges of a flagrant nature and which reflect a moral turpitude on the party are libelous, but also such as set him in a scurrilous and ignominious light; for these reflections equally create ill blood, and provoke the parties to acts of revenge and breaches of the peace.

"Everything, therefore, written of another which holds him up to scorn and ridicule that might reasonably (that is, according to our natural passions) be considered as provoking him to a breach of the peace is a libel."

One test generally recognized, referred to above, is whether or not the language is calculated to provoke a breach of the peace, civilized society being directly concerned in the preservation of peaceful relations among men. Now rereading the language of the card, does it not hold up to ridicule the party therein named and provoke him, if of average blood temperature, spirit and courage, to "acts of revenge and breaches of the peace," —in common parlance make him "mad enough to fight?"

■ Counsel do not differ materially as to the general definition of libel as, "a malicious defamation, expressed in print or writing, or by signs or pictures tending to blacken the memory of the dead, with an intent to provoke the living, or to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule." Our own cases adopt substantially

this definition, as, for example, *Stair* v. *Journal & Tribune Co.*, 136 Tenn., 406. If a defamation *per se*, malice is presumed. Here it is "expressed in print," and we think quite plainly intended "to provoke the living," by exposing him to "ridicule." He is "living," according to this description, very much alive. He hardly takes time to sleep. Works anywhere and at any time. Conducts his amours at "wholesale and retail," by day and by night, without charge, reckless of place or position, and in utter disregard of the rights of others. No man could carry on his love campaign so passionately and so absorbingly without neglect and abandonment of the ordinary avocations of life, yielding support and competence, and devoting himself exclusively to the pursuit of frivolity.

All the world loves a lover, and well it may, but all the world scorns the promiscuous, professional lovemaker, "out for a good time," shallow hearted and shallow pated, who preys on the preserves of others, and whose sole ambition is to flirt with frocks.

Plaintiff is here so pictured in graphic terms. It will be observed that words are libelous that hold one up to scorn, contempt *or ridicule.*

We are unable to agree with the learned trial judge, who probably took the view that the publication was in the nature of a practical joke, without malicious design, and this view is plausible, but one may not be thus rightfully held up to ridicule by the publication of printed matter such as this. The words used are in our opinion libelous *per se.* Reversed and remanded.