Barbara **MINZE**, d/b/a Big Sur Recreational Vehicle Manufacturing & Supply Company, Appellant,

v.

**S. M. COON et ux., Appellees.**

**No. 1237.**

Court of Civil Appeals of Texas, Tyler.

June 14, 1979.

Dennis A. Large, Houston, for appellant.

William L. Schroeder, New Braunfels, for appellees.

SUMMERS, Chief Justice.

Appellant, Barbara Minze, d/b/a Big Sur Recreational Vehicle Mfg. & Supply Co., instituted this suit against appellees, S. M. Coon and wife, Mrs. S. M. Coon, upon a sworn account for services rendered and performed and for goods, wares and merchandise sold and delivered; in the alternative, appellant sought recovery against appellees upon quantum meruit. Both appellees, Mr. and Mrs. Coon, joined in filing an original answer, being an unsworn general denial. Appellee, S. M. Coon (without the joinder of appellee, Mrs. S. M. Coon), filed the following additional pleadings: (1) a first amended answer consisting of a written denial under oath that each and every item of the account is just or true; and (2) a counterclaim, entitled by appellee as "Original Cross-action," against appellant. under Sections 17.41, 17.46 and 17.50, Texas Deceptive Trade Practices—Consumer Protection Act, Texas Bus. & Com.Code Ann. (1973).

On November 21, 1977, the following proceedings were had in a trial before the court sitting without a jury: Trial was commenced with appellant putting on plaintiff's evidence; upon appellant resting plaintiff's case, appellees moved the court for a directed verdict; whereupon, the court answered he would give an opportunity for counsel to brief and submit authorities on this point and carry along the motion with the case. In response to the court's inquiry, appellees' counsel stated that he did not want to put on any other defensive matter as to plaintiff's items, that appellant's counsel had not had a chance to answer appellee S. M. Coon's counterclaim and that any further testimony would come through in the counterclaim hearing at a subsequent date. Thereupon, the court gave 30 days for counsel to submit matters upon appellees' motion and recessed the case to Tuesday, January 3, 1978, for consideration of matters raised in appellee S. M. Coon's counterclaim. The record (as shown by the Statement of Facts) reflects this action by the court as follows:

"THE COURT: I would suggest then, Gentlemen, that subject to the ruling of the Court on Defendants' Motion, and with the understanding that you will have thirty days to get in anything that you want the Court to consider, we will then recess this matter to consider the matters raised in the cross-petition, and this court will be in session in Comal County for non-jury matters on Tuesday, January 3rd, 1978. As far as I know you should be number one on the docket on that date. Get your pleadings in shape, whatever needs to be filed in response to the cross-action, and submit any cases to me, send me a Xerox copy of any case you want me to consider on his motion."

Although no further trial proceedings are shown by the statement of facts or tran-

script, the trial court on December 30, 1977 (without awaiting the recessed setting of the case on January 3, 1978) signed and entered the following judgment that appellant take nothing by her suit against defendant S. M. Coon:

"NO. 10,876

| | | |
|---|---|---|
| BARBARA MINZE D/B/A BIG SUR REC. V. MFG. & SUPPLY CO. | ){ | IN THE DISTRICT COURT OF COMAL |
| VS. | ){ | COUNTY, TEXAS |
| S. M. COON, ET UX | ){ | 207TH JUDICIAL DISTRICT |

### JUDGMENT

This the 21st day of December, 1977, in the above entitled and numbered cause, wherein BARBARA MINZE, D/B/A BIG SUR REC V. MFG. & SUPPLY CO. is Plaintiff and S. M. COON, is Defendant, came the parties by their attorneys, and submitted the matters in controversy, as well of fact as of law, to the court, without the intervention of a jury, and the pleadings, the evidence and the argument of counsel having been heard and fully understood, it is the opinion of the court that the plaintiff should, and it is therefore ordered, adjudged and decreed that the plaintiff take nothing by his suit, that the defendant go hence with his costs without day and that execution issue in his behalf for his said costs.

Signed and Entered this the 30th day of Dec., 1977.

/s/ ROBERT T. PFEUFFER
Judge Presiding"

---

Appellant has appealed from this judgment asserting three points of error. We do not, however, reach these points in view of the disposition we are compelled to make of the appeal.

■ For this court to accept this appeal, the court must of necessity have jurisdiction. Lack of jurisdiction is considered to be fundamental error with or without motion or assignment of error. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956); *County of Harris v. Black,* 448 S.W.2d 859, 860 (Tex.Civ.App.—Houston [14th] 1969, no writ); *Plaster v. Texas City,* 380 S.W.2d 137, 138 (Tex.Civ.App.—Tyler 1964, no writ).

■ In general, an appeal may be prosecuted only from a final judgment of the trial court. Art. 2249, Tex.Rev.Civ.Stat. Ann. For a judgment to be final, it must determine the rights of the parties and dispose of all issues involved so that no future action by the court will be necessary to settle and determine the entire controversy. *Wagner v. Warnasch,* supra. A judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. *Stalco, Inc. v. Zero Refrigerated Lines, Inc.,* 390 S.W.2d 476, 477 (Tex.Civ. App.—San Antonio 1965, writ ref'd.); 4 McDonald, Texas Civil Practice, sec. 17.03.1 (1971).

■ An examination of the record shows that all of the parties and issues were not disposed of in the trial court's judgment of December 30, 1977. No disposition was made of appellant's claim against appellee, Mrs. S. M. Coon, and no disposition was made of appellee S. M. Coon's counterclaim against appellant under the provisions of the Texas Deceptive Trade Practices—Consumer Protection Act, supra. Also, there is no severance order of record regarding these matters. Furthermore, the presumption of finality announced in *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.Sup.1966) is not applicable to the case at bar. The court in that case applied the presumption of finality "in the absence of a contrary showing in the record." (Supra at 898). In the instant case, there is a contrary showing in the record that the judgment of December 30, 1977, did not dispose of appellee S. M. Coon's counterclaim since the record shows that

the court on November 21, 1977, recessed the hearing on same to January 3, 1978, and the record is devoid of any showing that such hearing was ever held or cancelled. In addition, under *North East Independent School District v. Aldridge,* supra at 897, the presumption of finality does not apply when the judgment is "intrinsically interlocutory in character" as in the instant case. Here, the judgment shows on its face that it does not dispose of appellant's suit against appellee, Mrs. S. M. Coon, who failed to deny the sworn account pursuant to Rule 185, T.R.C.P.

Since the court's judgment of December 30, 1977, was not a final judgment, this court is without jurisdiction to hear this appeal.

The appeal is accordingly dismissed.