W.G. TINGLEY, Jr., Appellant,

v.

NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, Appellee.

No. 14682.

Court of Appeals of Texas,
Austin.

July 9, 1986.

Earl L. Yeakel, III, Mark T. Mitchell, Giles & Yeakel, Austin, for appellant.

David M. Pruessner, Shank, Irwin & Conant, Dallas, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Appellant, W.G. Tingley, Jr., has filed a motion requesting this Court to dismiss the appeal for want of jurisdiction. We will grant appellant's motion and dismiss the appeal.

Appellee, Northwestern National Insurance Company of Milwaukee, Wisconsin sued appellant under an indemnity agreement for amounts due on a promissory note plus interest and attorney's fees. In addition to his general denial, appellant filed a counterclaim alleging, among other things, violations of the Texas Blue Sky Law, Tex.Rev.Civ.Stat.Ann. art. 581–1, *et seq.* (1964 & Supp.1986). Prior to the filing of appellant's counterclaim, appellee filed a motion for summary judgment. After the

hearing, the trial court rendered summary judgment for appellee, awarding $16,428.92 and attorney's fees.

The question presented by appellant's motion is whether the summary judgment appealed from is an interlocutory or final judgment. Appellant argues that the summary judgment has not addressed all the issues involved in this suit because it failed to dispose of his counterclaim. Accordingly, appellant contends that the judgment is interlocutory and, therefore, is not appealable. We agree.

■ An appeal must be prosecuted from a final judgment.[1] *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893 (Tex.1966). A final judgment is one disposing of all the issues and parties to a suit. *Id.* A judgment leaving any issue unresolved, such as a counterclaim, is interlocutory. *Schlipf v. Exxon Corporation*, 644 S.W.2d 453 (Tex.1982). Absent a severance of the unresolved issue, this rule will apply to summary judgments as well. *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 324 S.W.2d 200 (Tex.1959).

■ The summary judgment in this appeal does not address appellant's counterclaim. The trial court, by failing to dispose of the counterclaim or to sever out the counterclaim has rendered an interlocutory or partial summary judgment, not a final summary judgment. Accordingly, the appeal from such judgment is not properly before this Court. *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, supra.*

■ By its response appellee appears to be arguing that the counterclaim as pleaded is not a valid or live claim and, therefore, should not render the summary judgment interlocutory. In this regard, we would point appellee to Tex.R.Civ.P.Ann. 90 (Supp.1986), which provides:

Rule 90. Waiver of Defects in Pleading.

General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

The defects complained of by appellee were waived because appellee failed to specially except to these defects. The fact that the counterclaim may be subject to special exception does not render the summary judgment final.

The appellant's motion to dismiss appeal for want of jurisdiction is granted and the appeal dismissed.

Dismissed for Want of Jurisdiction.

---

1. There are four statutory exceptions to this rule all of which are inapplicable here. *See* Tex.Civ. Prac. & Rem. Code Ann. § 51.014 (1986).