**Edward G. BAKER, et al., Appellants,**

v.

**L. Guy YEAGER, et al., Appellees.**

**No. 01-86-00694-CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 9, 1987.

Benjamin H. Best, III, Pearland, for appellants.

Charles R. Nettles, Law Offices of Robert C.E. Wolfe, Houston, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

The appellants seek review of a summary judgment that awards the appellees the sum of $50,000 as liquidated damages based upon a "mutual release" agreement that the parties executed during the pendency of suit.

The appellants instituted this action, claiming that the appellees had mishandled funds entrusted to them in a land development project in Brazoria County. The appellants sought both injunctive relief and monetary damages. During the pendency of the action, the appellees filed a motion to dismiss with prejudice, alleging that the parties had reached an out-of-court settlement, as evidenced by their mutual release, and as cross-plaintiffs, the appellees moved for summary judgment, claiming their entitlement to the sum agreed to be paid to them in the mutual release.

The trial court's order granting summary judgment recites that the court heard the appellees' motion to dismiss and motion for summary judgment; but the court's order does not dismiss the appellants' action; it merely awards the stipulated sum as liquidated damages.

As a general rule, a court's decree is not regarded as final for purposes of appeal unless all issues of law and of fact necessary to be determined are determined, and the case is completely disposed of, so far as the court has power to dispose of it. *Hargrove v. Insurance Inv. Corp.*, 142 Tex. 111, 176 S.W.2d 744 (1944). Thus, the judgment must determine the parties' rights and dispose of all issues involved so that no future action by the court is necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956). A decree that fails, either expressly or by necessary implication, to dispose of all affirmative claims of all parties against all parties, is interlocutory in nature. *See Minze v. Coon*, 584 S.W.2d 337 (Tex.Civ. App.—Tyler 1979, no writ).

Here, the court's summary judgment expressly disposed of the appellees' counterclaim, but it did not dispose of the appellants' claim. If the judgment had been entered "in a case regularly set for a

conventional trial on the merits," we might presume for appellate purposes that the trial court intended to, and did, dispose of the appellants' claim in accordance with the appellees' motion. *See North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex.1966). But this was not a case "regularly set for a conventional trial on the merits," and we may not entertain a presumption in favor of the finality of the order. *Williams v. Southern Trust & Mortgage Co.*, 517 S.W.2d 453 (Tex.Civ. App.—Eastland 1974, writ ref'd n.r.e.). Thus, we conclude that the trial court did not make any disposition of appellants' claim. *See Nalle v. Harrell*, 118 Tex. 149, 12 S.W.2d 550 (Tex.Com.App.1929).

Because the summary judgment is an interlocutory order, we dismiss the appeal for want of jurisdiction.