IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00063-CV

 

In
the Interest of S.R. and D.G., Children,

 

 

 



From the 82nd District
Court

Robertson County, Texas

Trial Court No. 08-05-18,111-CV

 



ORDER



 

Appellant Kenneth Rollins, whose
parental rights were terminated, filed a notice of appeal and points for appeal
on November 23, 2009, but since then has taken no action in this appeal and
failed to file a brief.  We abated this appeal so the trial court could
determine, among other things, whether
Rollins desires to proceed with the appeal.[1]

At a hearing, the trial court heard from
Rollins’s trial attorney, who informed the trial court that Rollins did not
appear at trial and has not responded to counsel’s phone calls and letters. 
The CPS caseworker for the children testified that Rollins never participated
in any CPS services and that, based on her communications with Rollins’s
mother, her understanding was that Rollins was not going to fight termination and
did not wish to appeal.  The trial court specifically found that Rollins has
abandoned any intention to appeal the termination of his parental rights.

Accordingly, we dismiss Appellant
Kenneth Rollins’s appeal for want of prosecution.  Tex. R. App. P. 42.3(a).

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Appeal
dismissed in part

Order
issued and filed August 4, 2010

Do
not publish








 









[1] Appellant Christie Craven’s appeal
remains pending.








;                  

          Associated Ready Mix, Inc. sued two of its shareholders, Floyd Kirk, Sr. and Floyd Kirk,
Jr., for damages and the appointment of a receiver. Subsequently, Associated joined City National
Bank as a defendant in the suit. Associated's claims against City National included fraud,
deceptive trade practices, conversion, wrongful foreclosure, and breach of the duty of good faith. 
City National filed a counterclaim seeking to recover attorney's fees and expenses, claiming that
Associated's DTPA claim was filed in bad faith and only for the purpose of harassment.



          On October 18, 1990, City National was granted a partial summary judgment that all of
Associated's claims, except the fraud cause of action, be dismissed with prejudice. A summary
judgment dismissing with prejudice Associated's fraud claim was entered on November 13.
          Associated has appealed, claiming that the court erroneously granted the summary
judgments. City National filed a motion to dismiss the appeal for want of jurisdiction, alleging
that the judgments are interlocutory. We agree. Although City National received summary
judgments dismissing with prejudice all of Associated's claims, City National's counterclaim is
still pending before the court and has not been severed from Associated's causes of action.
          Generally, an appeal is proper only from a final judgment. Tex. Civ. Prac. & Rem.
Code. Ann. § 51.012 (Vernon 1986). An interlocutory judgment, however, may be appealable
in certain instances. See id. at § 51.014 (Vernon Supp. 1991). All other interlocutory judgments
are nonappealable. See Baker v. Yeager, 728 S.W.2d 895, 897 (Tex. App.—Houston [1st Dist.]
1987, no writ).
          A final judgment disposes of all parties and issues in the suit. Houston Health Clubs v.
First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986). Although a judgment following a trial
on the merits is presumed to be final, that presumption does not apply in summary judgment cases. 
Id. A summary judgment which leaves a counterclaim unresolved is interlocutory and
nonappealable. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex.
1990); Tingley v. Northwestern Nat. Ins. Co., 712 S.W.2d 649, 650 (Tex. App.—Austin 1986,
no writ).
          Because the summary judgments entered in this case did not dispose of City National's
counterclaim, they are interlocutory and nonappealable. Accordingly, we dismiss the appeal for
want of jurisdiction.
                                                                                 PER CURIAM
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Dismissed
Opinion delivered and filed October 15, 1991
Do not publish