

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00063-CV

_____

JASON ANDERSON, Appellant

V.

G & S AUTO OF FORT WORTH VI, LLC D/B/A RV DEPOT OF CLEBURNE,
Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2024-00713

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

## I. Introduction

This appeal arises from a dispute regarding a contract for the sale of a motor home. Appellant Jason Anderson, acting pro se, appeals from a summary judgment awarding Appellee G & S Auto of Fort Worth VI, LLC d/b/a RV Depot of Cleburne title to and possession of the motor home, monetary damages, and attorney's fees. Raising a myriad of issues,[1] Anderson contends that the trial court erred by, among other things, (1) failing to consider certain of his affirmative defenses, (2) granting G & S Auto's summary-judgment motion based on inadmissible evidence, (3) failing to rule on certain of his motions, and (4) violating his due-process rights by "allowing proceedings and judgments without proper service." Anderson has also repeatedly complained—both in his briefing and in various motions—that he has been unable to access the appellate record. To address these concerns, we mailed him a copy of the clerk's record and the reporter's record and granted his Motion to Supplement the Record and for Extension of Time to File Complete Reply Brief. Because all of

---

[1]Anderson raised forty "points of error" in his brief, all of which suffer from some degree of inadequate briefing. We endeavored to address the merits of each issue that he raised, but as detailed below, some of his issues were so inadequately briefed that they were forfeited. *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *see also Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible.").

Anderson's issues are unpreserved, meritless, inadequately briefed, or moot, we affirm.

## II. Background

In 2023, G & S Auto, as seller, and Anderson, as buyer, entered into an installment contract for the purchase of a motor home. Anderson subsequently defaulted on the contract by failing to make the scheduled payments. Pursuant to the contract's terms, G & S Auto accelerated the maturity date of the debt.

After Anderson failed to pay the accelerated debt, G & S Auto filed suit for breach of contract. Fearing that Anderson would "dispose of, ill treat, waste, destroy, or remove" the motor home before the trial court could finally adjudicate its breach-of-contract claim, G & S Auto requested and obtained a writ of sequestration.

After being served with citation and the writ of sequestration, Anderson filed an answer. In his answer, Anderson generally denied the allegations in G & S Auto's petition and listed "illegality" and "[e]quitable [e]stoppel" as affirmative defenses.

After Anderson failed to comply with the writ of sequestration, G & S Auto filed a motion to have him held in contempt of court. Following a show-cause hearing at which Anderson did not appear, the trial court signed an order of attachment directing the sheriff or constable to arrest Anderson and bring him before the court.

In September 2024, G & S Auto filed a motion for nonsuit in which it advised the trial court that "all matters . . . ha[d] been resolved and there no longer remain[ed]

3

any controversy." The trial court signed an order granting the motion and dismissing the case without prejudice. After Anderson appealed the order of nonsuit, G & S Auto filed a motion to reinstate the case. Following a hearing, the trial court granted the reinstatement motion, thereby mooting the appeal.[2]

After the case was reinstated, G & S Auto filed a motion for summary judgment. Anderson did not file a response or object to any of G & S Auto's summary-judgment evidence.[3] Following a hearing at which Anderson failed to appear, the trial court granted G & S Auto's motion and signed a summary judgment awarding G & S Auto title to and possession of the motor home, $26,687.79 in damages, and $6,060.00 in attorney's fees. This appeal followed.

## III. Discussion

As noted, Anderson raises a plethora of appellate issues, none of which provides a legitimate basis for reversing the trial court's summary judgment. We will address each of these issues in turn below.

## A. Anderson's Complaints Regarding G & S Auto's Nonsuit Are Moot

Anderson's first seven issues concern G & S Auto's previous nonsuit of its claim. But this appeal was taken from the trial court's summary judgment, not the

---

[2]*See generally Anderson v. G & S Auto of Fort Worth VI, LLC*, No. 02-24-00455-CV, 2024 WL 5162852 (Tex. App.—Fort Worth Dec. 19, 2024, no pet.) (mem. op.).

[3]Anderson did file his own competing summary-judgment motion, which the trial court set for hearing at the same time as G & S Auto's. But because Anderson did not appear at the hearing to prosecute his motion, the trial court did not consider it.

nonsuit order. Further, as we explained in our prior opinion, the trial court's reinstatement of the case mooted any issues pertaining to the nonsuit order. *See Anderson*, 2024 WL 5162852, at *1. Accordingly, we overrule these issues as moot. *See Pounders v. Timely Prop. Sols., L.L.C.*, No. 02-22-00395-CV, 2023 WL 3314314, at *3 (Tex. App.—Fort Worth Apr. 27, 2023, no pet.) (mem. op.) (overruling appellate issues as moot); *Watson v. Telecheck Servs., Inc.*, No. 06-09-00112-CV, 2010 WL 4273188, at *3 (Tex. App.—Texarkana Oct. 21, 2010, pet. denied) (mem. op. on reh'g) (same).

## B. Anderson Failed to Plead or Prove Fraud

In his eighth, ninth, nineteenth, twentieth, thirtieth, and thirty-third issues,[4] Anderson contends—in various formulations—that the trial court erred by granting G & S Auto summary judgment because the installment contract at the heart of its claim was fraudulent. But fraud is an affirmative defense that must be specifically

---

[4]In his thirty-third issue, Anderson asserts that "[t]he trial court lacked subject-matter jurisdiction due to the fraudulent nature of the underlying contract." But the only case he cites for this proposition, *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742 (Tex. 2003), is inapposite. *Chapman* did not address the issue of subject-matter jurisdiction at all, much less suggest that an allegation that a contract was fraudulently procured raised a jurisdictional issue. *See generally id.* Rather, the court merely noted that only extrinsic fraud—i.e., fraud that denied a party the opportunity to fully litigate its rights and defenses at trial—would support an equitable bill of review. *Id.* at 752. As noted, an allegation that a contract was procured by fraud is an affirmative defense; thus, Anderson's allegation that the contract was fraudulent did not raise a jurisdictional complaint. *See* Tex. R. Civ. P. 94; *see also Goss v. Bobby D. Assocs.*, 94 S.W.3d 65, 71 (Tex. App.—Tyler 2002, no pet.) (noting that appellants' defense that the "signatures on the contract for deed are not genuine and were procured by fraud" was an affirmative defense on which they bore the burden of proof).

pleaded, *see* Tex. R. Civ. P. 94, and Anderson did not plead such a defense. Further, even if Anderson had pleaded fraud as an affirmative defense, G & S Auto would still not have been required to present summary-judgment evidence negating it. *See Dan Dilts Constr., Inc. v. Weeks*, No. 02-17-00373-CV, 2018 WL 5668530, at *3 n.4 (Tex. App.—Fort Worth Nov. 1, 2018, no pet.) (mem. op.). Rather, it was Anderson's burden to present summary-judgment evidence supporting his affirmative defenses, including fraud. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ("If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary[-]judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment."). However, Anderson did not file a response to G & S Auto's summary-judgment motion, much less present sufficient evidence to create a fact issue as to whether the contract for the sale of the motor home was fraudulent.

Accordingly, we overrule Anderson's eighth, ninth, nineteenth, twentieth, thirtieth, and thirty-third issues.

## C. Anderson Forfeited His Evidentiary Complaints

In his tenth, eighteenth, twenty-fourth, twenty-fifth, twenty-seventh, thirty-first, thirty-fourth, and thirty-eighth issues, Anderson raises various complaints about G & S Auto's summary-judgment evidence. But Anderson did not object to any of G & S Auto's summary-judgment evidence in the trial court or obtain a ruling on any such objection. Indeed, as noted, he did not even file a summary-judgment response.

Thus, he has forfeited all of his evidentiary complaints. *See Haase v. Abraham, Watkins, Nichols, Sorrells, Agosto & Friend, L.L.P.*, 499 S.W.3d 169, 176 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Generally, a party forfeits an objection when the party fails to object to summary-judgment evidence or fails to obtain a ruling on any objection to summary-judgment evidence.").

Accordingly, we overrule Anderson's tenth, eighteenth, twenty-fourth, twenty-fifth, twenty-seventh, thirty-first, and thirty-eighth issues.

## D. Anderson Waived Any Complaint Regarding Venue

In his eleventh issue, Anderson complains that venue was improper. But "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with" all other defensive pleadings other than a special appearance. Tex. R. Civ. P. 86(1); *see Champion v. Estlow*, 456 S.W.3d 363, 365 (Tex. App.—Austin 2015, pet. denied). Because Anderson did not raise a venue objection in his answer (or concurrently therewith), he has waived any complaint regarding improper venue. *See* Tex. R. Civ. P. 86(1).

Accordingly, we overrule Anderson's eleventh issue.

## E. Anderson Failed to Preserve His Lack-of-Notice Complaint

In his twelfth, fifteenth, twenty-first, and twenty-third issues, Anderson contends that he did not receive proper notice of certain hearings, including the

hearing on G & S Auto's summary-judgment motion.[5]  But lack of notice of a hearing—including a summary-judgment hearing—is not a jurisdictional defect. *See French v. Brown*, 424 S.W.2d 893, 894–95 (Tex. 1967).  "Rather, lack of notice is a procedural defect that may be corrected by the trial court in response to a timely filed motion for new trial or by an appellate court if the trial court overrules the motion for new trial." *Babajide v. Citibank (S.D.), N.A.*, No. 14-04-00064-CV, 2004 WL 2933575, at *1 (Tex. App.—Houston [14th Dist.] Dec. 21, 2004, no pet.) (mem. op.) (citing *French*, 424 S.W.2d at 894).  Thus, for a party to preserve a complaint that his failure to respond to a summary-judgment motion or to appear at a summary-judgment hearing was due to a lack of notice, the party must file a motion for new trial.[6]  *Smith*

---

[5]Anderson also contends that he did not receive adequate notice of hearings on G & S Auto's nonsuit and reinstatement motions and its motion to hold Anderson in contempt for violating the writ of sequestration.  But as noted, all issues pertaining to the nonsuit and reinstatement of G & S Auto's cause of action are moot.  And as discussed further below, issues pertaining to the writ of sequestration and writ of attachment are not appealable.

[6]In addition to giving the trial court the opportunity to correct a procedural notice or service defect, a motion for new trial serves the essential function of allowing the complaining party to present the evidence necessary to support his lack-of-notice complaint.  *See Obasogie v. Amtex Auto Ins. Co.*, No. 14-17-00405-CV, 2018 WL 3237161, at *1 (Tex. App.—Houston [14th Dist.] July 3, 2018, pet. denied) (mem. op.) ("A complaint that an order dismissing a case should be set aside because the claimant was not given notice of the hearing is a complaint on which evidence must be heard." (citing *Hendricks v. Barker*, 523 S.W.3d 152, 157 (Tex. App.—Houston [14th Dist.] 2016, no pet.))).  Because we presume that the trial court conducted the hearing only after giving proper notice to the parties, *Brandon v. Rudisel*, 586 S.W.3d 94, 99 (Tex. App.—Houston [14th Dist.] 2019, no pet.), and because the notice of the summary-judgment hearing includes a certificate of service reflecting that it was electronically served on Anderson at the email address on file with the trial court

8

*v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.—Fort Worth 1996, no writ); *accord Babajide*, 2004 WL 2933575, at *1; *cf. Quintana v. Holzhaus*, No. 04-23-00599-CV, 2024 WL 1079235, at *3 (Tex. App.—San Antonio Mar. 13, 2024, pet. denied) (mem. op.) (admonishing that complaint that appellant did not receive notice of Rule 91a motion and notice of hearing not preserved when no postjudgment motion filed), *cert. denied*, 145 S. Ct. 1967 (2025). Because Anderson did not file a motion for new trial, he has failed to preserve his lack-of-notice complaint.

Accordingly, we overrule Anderson's twelfth, fifteenth, twenty-first, and twenty-third issues.

---

through the efiling system, it was incumbent on Anderson to produce evidence supporting his lack-of-notice complaint, *see Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 492 n.4 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also* Tex. R. Civ. P. 21a(a)(1). In his briefing, Anderson claims that he "never consented to the Texas e[]filing system," but nothing in the procedural rules requires such consent. *See* Tex. R. Civ. P. 21(a), (b), (f); *see also* Tex. R. Civ. P. 21a(a) (requiring an electronically filed document to be served electronically through efiling manager if the email address of the party to be served is on file and providing that even if the email address of the party to be served is not on file with the efiling manager, the document "may be served . . . by email"); Denton (Tex.) Dist. & Statutory Cnty. Ct. Loc. R. 5.3.1 (providing that "Denton County has adopted the Texas Supreme Court 'Order Requiring Electronic Filing in Certain Courts' [and] the Texas Supreme Court Statewide EFiling Rules"), 5.3.12 ("Per the [Texas Rules of Civil Procedure], the clerk may send notices, orders, or other communications about the case to the party electronically."). In any event, he never presented any evidence in the trial court to support this purported lack-of-consent claim. Indeed, if anything, his lack-of-consent claim is undercut by the certificates of service attached to G & S Auto's motions and hearing notices reflecting that his email address was on file with the trial court's electronic filing manager. *See* Tex. R. Civ. P. 21a(a)(1). Thus, even apart from the preservation issue, Anderson's lack-of-notice complaint fails for lack of evidence.

## F. Writs of Sequestration and Attachment Are Not Appealable

In his thirteenth, fourteenth, and sixteenth issues, Anderson complains about the writs of sequestration and attachment issued by the trial court. But writs of sequestration are not appealable. *Morgan v. Univ. Fed. Credit Union*, No. 08-16-00342-CV, 2017 WL 2889064 at *1 (Tex. App.—El Paso July 7, 2017, no pet.) (mem. op.). Indeed, because a writ of sequestration's purpose is to preserve and protect property during the pendency of litigation, once a final judgment is entered, any issues regarding the writ itself become moot. *See* 64 Tex. Jur. 3d *Replevin and Sequestration* § 3 (2025) ("Sequestration is the provisional seizure or setting apart of specific property upon which a party to a suit has a claim of ownership[] or a . . . lien . . . so as to preserve it pending the litigation and so that it may be subject to any final judgment . . . rendered in the cause."). Similarly, writs of attachment are not appealable, even if they are "being appealed along with a judgment that is appealable." *In re Cantu de Villarreal*, No. 13-08-00408-CV, 2009 WL 888467, at *5–6 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2009, pet. denied) (mem. op.).

Accordingly, we overrule Anderson's thirteenth, fourteenth, and sixteenth issues.

## G. Anderson's Seventeenth Issue Is Inadequately Briefed

In his seventeenth issue, Anderson complains that "[m]ultiple court documents and orders relied upon to seize property, enforce contempt, or award judgment were unsigned, undated, or missing court seals, rendering them defective under Rule 16."

But his brief contains no record citations,[7] and he does not identify the specific "documents and orders" about which he is complaining. Thus, he has forfeited this issue due to inadequate briefing. *See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284; *Jackson v. Vaughn*, 546 S.W.3d 913, 922 (Tex. App.—Amarillo 2018, no pet.) (holding that appellant had waived issue due to inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing).

Accordingly, we overrule Anderson's seventeenth issue.

---

[7]Anderson asserts that he paid for the clerk's and reporter's records but never received notice that they had been filed. We have corresponded multiple times with Anderson regarding the status of the records. Specifically, on May 13, 2025, we mailed him a notice stating that the clerk's record had been filed, and on June 24, 2025, we mailed him a notice stating that the reporter's record had been filed and advising him of the due date for his brief. Further, as noted, on September 30, 2025, we granted Anderson's Motion to Supplement the Record and for Extension of Time to File Complete Reply Brief and, per Anderson's telephonic request, we mailed him copies of the clerk's record and the reporter's record. None of these mailings were returned as undeliverable, *see Cooper v. Hall*, 489 S.W.2d 409, 412–13, 415 (Tex. App.—Amarillo 1972, writ ref'd n.r.e.) (noting the presumption of receipt that arises when the evidence shows that a letter "was properly addressed, stamped[,] and mailed to [the recipient] at his correct address and placed in the United States mails and not returned to [the sender] by the postal authorities"), and in his amended reply brief, Anderson acknowledged that "the Court of Appeals [had] mailed everything." Nevertheless, Anderson's amended reply brief did not address—much less clarify—the complaint raised in his seventeenth issue. Accordingly, we overrule it due to inadequate briefing.

11

## H. The Trial Court Did Not Err by Failing to Rule on Anderson's Counterclaims (If Any) and Affirmative Defenses

In his twenty-second issue, Anderson contends that the trial court erred by failing to rule on his counterclaims and affirmative defenses. But as noted, it was Anderson's burden to present summary-judgment evidence supporting his affirmative defenses, *see Brownlee*, 665 S.W.2d at 112, and he wholly failed to do so. Further, although Anderson nakedly requested "[p]unitive, [e]conomic, and [e]motional (including marital) damages" in his answer, he did not actually allege any substantive counterclaims that would support his damages request.[8] *See Robbins v. Payne*, 55 S.W.3d 740, 747 (Tex. App.—Amarillo 2001, pet. denied) ("[T]here is no independent cause of action for exemplary damages. They are simply an element of damages recoverable under a cause of action."); *cf. Freeman v. BAE Sys. San Diego Ship Repair, Inc.*, No. 22-cv-0934-L, 2023 WL 5444784, at *8 (S.D. Cal. Aug. 23, 2023) (order) (granting motion to dismiss plaintiffs' "naked request for damages for fraud that [was] not associated with a substantive cause of action" because "[w]ithout pleading the elements of a claim based on fraudulent conduct, [p]laintiffs [could not] recover damages for fraud"). Because Anderson failed to present any summary-

---

[8]We note that if Anderson had actually asserted a counterclaim that the trial court had not adjudicated or severed, the appealed-from summary judgment would be interlocutory, and we would be required to dismiss this appeal for want of jurisdiction. *See, e.g.*, *Tingley v. Nw. Nat'l Ins. Co. of Milwaukee, Wis.*, 712 S.W.2d 649, 650 (Tex. App.—Austin 1986, no writ) (per curiam). In his Rule 32.1 docketing statement, Anderson checked the box confirming that the appealed-from judgment disposed of all parties and all issues. *See* Tex. R. App. P. 32.1.

judgment evidence supporting his affirmative defenses and because he did not actually allege any counterclaims, the trial court did not err by failing to rule on any such affirmative defenses or counterclaims.

Accordingly, we overrule Anderson's twenty-second issue.

## I.  The Trial Court Was Not Required to Issue Findings and Conclusions

In his twenty-sixth issue, Anderson asserts that he requested findings of fact and conclusions of law but that the trial court never issued them.  But as one of our sister courts has succinctly explained,

> Findings of fact and conclusions of law have no place in a summary[-]judgment proceeding.  *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994); *see* Tex. R. Civ. P. 296 (party may request findings of fact and conclusions of law in case tried without jury).  The reason findings and conclusions "have no place" in a summary[-]judgment proceeding is that for summary judgment to be rendered, there cannot be a "genuine issue as to any material fact" and the legal grounds are limited to those stated in the motion and response.  Tex. R. Civ. P. 166a(c); *IKB Indus. (Nig.) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Stiles v. Resol*[.] *Tr*[.] *Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).  In other words, if summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. *IKB Indus. (Nig.) Ltd.*, 938 S.W.2d at 441.  The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment. *Id.*

*August v. Williams*, No. 01-00-00063-CV, 2002 WL 595079, at *1 (Tex. App.— Houston [1st Dist.] Apr. 18, 2002, no pet.) (mem. op.).

Accordingly, we overrule Anderson's twenty-sixth issue.[9]

---

[9]We note that even if it were proper for a trial court to issue findings of fact and conclusions of law in a summary-judgment proceeding, the record does not

13

## J. Anderson Waived Any Complaint Regarding Pleading Defects

In his twenty-eighth issue, Anderson complains that in its petition, G & S Auto "made vague, inconsistent claims" and "failed to plead all essential elements of its cause of action."[10] But the purported defects about which Anderson complains were waived because he failed to file—much less obtain a hearing and ruling on—special exceptions before the summary judgment was signed. *See Tingley*, 712 S.W.2d at 650 (holding that appellee's complaint regarding pleading defects had been waived because it had failed to specially except to the defects prior to summary judgment); *see also Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 481 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (mem. op.) ("Failure to obtain a timely hearing and a ruling on special exceptions waives the exceptions and does not preserve them for appeal." (citing *McAllister v. Samuels*, 857 S.W.2d 768, 773 (Tex. App.—Houston [14th Dist.] 1993, no writ))).

Accordingly, we overrule Anderson's twenty-eighth issue.

---

reflect that Anderson actually requested the trial court to issue any. *See* Tex. R. Civ. P. 296. Indeed, in his docketing statement, Anderson did not check the box indicating that a request for findings of fact and conclusions of law had been filed.

[10]Although Anderson frames this issue as a complaint that the judgment did not conform to the pleadings, *see* Tex. R. Civ. P. 301, the substance of his complaint is that G & S Auto's petition was defective. We treat it accordingly. *Cf. Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021) (stressing that courts should acknowledge the substance of the relief sought despite the formal styling of the pleading); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it.").

## K.  Anderson Did Not Object to G & S Auto's Standing

In his twenty-ninth issue, Anderson contends that the trial court "ignored" his "objection to standing and jurisdiction." But Anderson did not include any citations to the record in his brief showing that he actually objected to G & S Auto's standing.[11] Anderson's answer contains no such objection, nor has our review of the record revealed one. Therefore, Anderson has forfeited his complaint due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284; *Jackson*, 546 S.W.3d at 922; *McKinnon*, 2018 WL 3849399, at *2–3.[12]

Accordingly, we overrule Anderson's twenty-ninth issue.

## L.  The Trial Court Did Not Fail to Require Proper Party Identification

In his thirty-second issue, Anderson contends that because the pleadings and evidence refer to G & S Auto by several different names, the trial court "failed to require proper party identification or corporate disclosure" and thereby violated Section 5.054 of the Texas Business Organizations Code and Civil Procedure Rule 28.

---

[11]Nor did Anderson include any record citations in his amended reply brief showing that he actually objected to G & S Auto's standing. *See supra* note 7.

[12]Because G & S Auto's petition alleged—and the summary-judgment evidence showed—that G & S Auto was a party to the contract sued upon, any objection to standing would have been meritless in any event. *See AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 336 (Tex. App.—Dallas 2014, pet. denied) ("To have standing to enforce a contract, one must either be a party to the contract or a third-party beneficiary of the contract."); *see also Carter v. Gormley*, No. 14-20-00117-CV, 2021 WL 4852403, at *2 (Tex. App.—Houston [14th Dist.] Oct. 19, 2021, no pet.) (mem. op.) (explaining that standing is a component of subject-matter jurisdiction and that a defendant may challenge subject-matter jurisdiction either on the pleadings or by evidence negating jurisdictional facts).

15

But our review of the record does not reflect that Anderson raised this complaint in the trial court, and Anderson did not include any citations to the record in his initial brief or in his amended reply brief showing that he had raised such an objection. *See* Tex. R. App. P. 38.1(i). We therefore conclude that Anderson failed to preserve—and thereby forfeited—this complaint.[13] *See* Tex. R. App. P. 33.1(a).

Accordingly, we overrule Anderson's thirty-second issue.

## M. The Onus Was on Anderson to Present His Motions

In his thirty-fifth issue, Anderson complains that the trial court failed to act on certain motions that he purportedly filed.[14] But Anderson has pointed to nothing in the record showing that he took the necessary steps to have these motions set for hearing or submission. *See Child Support 2 Collect, Inc. v. Anz,* No. 05-20-00165-CV,

---

[13]Even if Anderson had preserved this complaint, we would overrule it on the merits. Business Organizations Code Section 5.054 applies solely to corporations—not limited liability companies as G & S Auto appears to be—and requires merely that they include the word "company," "corporation," "incorporated," or "limited" in their name. *See* Tex. Bus. Orgs. Code Ann. § 5.054(a). Thus, the mere fact that the pleadings and record refer to G & S Auto by several different names does not violate the statute. Further, Civil Procedure Rule 28 provides merely that a "partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed[,] or common name," provided that "on a motion by any party . . . the true name may be substituted." Tex. R. Civ. P. 28. Here, G & S Auto's petition included both its true name and its common name (i.e., its d/b/a), and Anderson never filed a motion to substitute G & S Auto's true name. Thus, Anderson has not shown that the trial court violated Rule 28.

[14]Anderson claims that the trial court failed to rule on his "pending motions to strike, vacate, and for sanctions." But Anderson did not include any citations to the record in support of his thirty-fifth issue, *see* Tex. R. App. P. 38.1(i), and our review of the record did not reveal that any such motions had actually been filed.

16

2022 WL 908948, at *4 (Tex. App.—Dallas Mar. 29, 2022, no pet.) (mem. op. on reh'g) ("Generally, the movant on a motion has the burden to set a hearing on the motion." (citing *Enriquez v. Livingston*, 400 S.W.3d 610, 619 (Tex. App.—Austin 2013, pet. denied))). Because Anderson has not shown that he took the necessary steps to present his motions to the trial court, we cannot conclude that any error occurred. *See* Tex. R. App. P. 33.1(a).

Accordingly, we overrule Anderson's thirty-fifth issue.

## N. Anderson's Complaint About the Judgment Itself Is Inadequately Briefed

In his thirty-sixth issue, Anderson nakedly asserts that the appealed-from summary judgment "contains inconsistent findings, lacks specificity, and fails to address key issues presented." But Anderson fails to identify any particular inconsistencies, unaddressed issues, or aspects of the judgment that are vague or unclear. Therefore, Anderson has forfeited his complaint due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284; *Jackson*, 546 S.W.3d at 922; *McKinnon*, 2018 WL 3849399, at *2–3.

Accordingly, we overrule Anderson's thirty-sixth issue.

## O. Anderson Has Not Shown That the Trial Court Improperly Denied His Request to File a Late Answer or Amended Pleading

In his thirty-seventh issue, Anderson contends that the trial court erred by denying his motion to "supplement the record and file a late answer or amended pleading." But neither Anderson's initial brief nor his amended reply brief included

any citations to the record showing that he actually filed such a motion, *see* Tex. R. App. P. 38.1(i), and our review of the record has revealed no such motion. Therefore, Anderson has forfeited his complaint due to inadequate briefing. *See id.*; *Fredonia State Bank*, 881 S.W.2d at 284; *Jackson*, 546 S.W.3d at 922; *McKinnon*, 2018 WL 3849399, at *2–3.

Accordingly, we overrule Anderson's thirty-seventh issue.

## P.  There Is No Cumulative Harm

In his thirty-ninth and fortieth issues, Anderson contends that the cumulative effect of all the "overwhelming violations of law and justice" outlined in his first thirty-eight issues warrants the reversal of the trial court's summary judgment and the rendering of a judgment in his favor. Having overruled all of Anderson's other issues, we conclude that there was no harm to cumulate. *Cf. Abel v. State*, No. 02-18-00051-CR, 2020 WL 5048078, at *36 (Tex. App.—Fort Worth Aug. 27, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (holding that because the court had overruled appellant's other appellate issues, his "cumulative-error complaint lacks merit because there is no error to cumulate"); *Faglie v. State*, No. 03-17-00281-CR, 2019 WL 847812, at *14 (Tex. App.—Austin Feb. 22, 2019, pet. ref'd) (mem. op., not designated for publication) ("[W]e have determined that the purported errors identified by appellant were not error; thus, there is no possibility of cumulative harm.").

Accordingly, we overrule Anderson's thirty-ninth and fortieth issues.

18

## IV. Conclusion

Having overruled all of Anderson's issues, we affirm the trial court's summary judgment.[15]

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  October 30, 2025

---

[15]After briefing was completed, Anderson filed "Appellant's Motion for Judicial Notice of Record Irregularities and Fraud Upon the Court."  This motion is hereby denied.